James D. Holman, Esq., ISB #2547
Ryan S. Dustin, Esq., ISB #8683
THOMSEN STEPHENS LAW OFFICES, PLLC
2635 Channing Way
Idaho Falls, ID  83404
Telephone  (208) 522-1230
Fax  (208) 522-1277
holman@ts-lawoffice.com
rdustin@ts-lawoffice.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PENNY McGREGOR, | Case No. 13-CV-_____ |
| Plaintiff, | |
| v. | COMPLAINT AND DEMAND FOR JURY TRIAL |
| SAFE HAVEN HEALTH CARE, LLC, | |
| Defendant. | |

Plaintiff Penny McGregor, for cause of action against defendant Safe Haven Health Care, LLC (hereinafter Safe Haven) states and alleges as follows:

1.  Plaintiff Penny McGregor is a resident of Bannock County, Idaho.

2.  Defendant Safe Haven is an Idaho limited liability company with its principal place of business in Pocatello, Bannock County, Idaho.

3.  This court has jurisdiction pursuant to 29 USC §216(b) of the Fair Labor Standards Act of 1938, and pursuant to 28 USC §1367(a).

1 -   COMPLAINT AND DEMAND FOR JURY TRIAL

4. Defendant Safe Haven is an employer within the meaning of 29 USC §203(d), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 USC §203(s)(1), Fair Labor Standards Act of 1938.

5. At all times relevant hereto, plaintiff Penny McGregor was engaged in commerce or in the production of goods for commerce, or was employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 USC §206 and 207, Fair Labor Standards Act of 1938.

6. At all times relevant hereto, plaintiff Penny McGregor was an "employee" within the meaning of Idaho Code §45-601(4).

7. Plaintiff Peny McGregor began working for defendant Safe Haven, or its predecessor in interest, on November 11, 2005.

8. At no time during the course of her employment was plaintiff Penny McGregor an "exempt employee" within the meaning of 29 USC §213, Fair Labor Standards Act of 1938.

**COUNT I**

9. Plaintiff realleges the allegations contained in paragraphs 1 through 8 as if set forth at length herein.

10. During the course of plaintiff's employment, defendant Safe Haven regularly and consistently required plaintiff, as a condition of continued employment, to work in excess of 40 hours per week. Notwithstanding the fact that defendant required plaintiff to regularly and consistently work in excess of 40 hours per week, defendant failed to pay plaintiff overtime compensation as required by 29 USC §207(a)(1), Fair Labor Standards Act of 1938.

2 -   COMPLAINT AND DEMAND FOR JURY TRIAL

11.     Defendant's failure to pay overtime compensation to plaintiff is a violation of 29 USC §207(a)(1), Fair Labor Standards Act of 1938. Pursuant to 29 USC §216(b), plaintiff is entitled to recover from defendant the amount of the unpaid overtime compensation and an equal and additional amount as liquidated damages, or prejudgment interest on the amount of the unpaid overtime compensation.

12.     Defendant's violation of 29 USC §207(a)(1) was a willful violation within the meaning of 29 USC §255(a).

13.     Pursuant to 29 USC §216(b), plaintiff is entitled to recover from defendant plaintiff's reasonable attorney fees incurred in this action as well as costs of the action.

### COUNT II

14.     Plaintiff realleges the allegations contained in paragraphs 1 through 13 as if set forth at length herein.

15.     This court has jurisdiction over the cause of action set forth in Count II pursuant to 28 USC §1367(a) in that the claims set forth in Count II are so related to the claims set forth in Count I that they form part of the same case or controversy.

16.     This is a claim for unpaid wages under Idaho Code §45-601, *et seq*.

17.     During the year 2012 defendant agreed to pay plaintiff an hourly wage of $9.00. During 2012 defendant arbitrarily, and without informing plaintiff, changed her hourly rate of pay such that for some hours worked she received $8.52, and for other hours worked she received $7.25.

18.     Defendant has failed and refused to pay plaintiff's full hourly wage of $9.00.

19.     During plaintiff's course of employment, defendant agreed to pay and did pay plaintiff a premium for work performed on holidays. Defendant has failed and refused to pay said premium.

3 -     COMPLAINT AND DEMAND FOR JURY TRIAL

20. During plaintiff's course of employment with defendant, plaintiff accumulated 164 hours of paid time off. Defendant has failed and refused to compensate plaintiff for said paid time off.

21. Pursuant to Idaho Code §45-615(2), plaintiff is entitled to damages in the amount of three times the unpaid wages found due and owing, or the penalty set forth in Idaho Code §45-607, whichever is greater.

22. Pursuant to Idaho Code §45-615(2), plaintiff is entitled to an award of attorney fees plus costs of litigation reasonably incurred in bringing this claim.

## COUNT III

23. Plaintiff realleges the allegations contained in paragraphs 1 through 22 as if set forth at length herein.

24. This court has jurisdiction of the cause of action set forth in Count III pursuant to 28 USC §1367(a) in that the claims set forth in Count III are so related to the claims set forth in Count I that they form part of the same case or controversy.

25. On or about August 4, 2012 defendant terminated plaintiff's employment.

26. The termination of plaintiff's employment is a breach of implied covenant of good faith and fair dealing inherent in each contract of employment in the State of Idaho. The termination of plaintiff's employment was contrary to the public policy of the State of Idaho.

27. Plaintiff is entitled to an award of damages resulting from her wrongful termination of employment, in an amount to be proven at trial, plus pre-judgment interest thereon.

28. Plaintiff is entitled to an award of attorney fees and costs incurred herein pursuant to Idaho Code §§12-120(3), 12-121 or any other applicable statute or court rule.

4 - COMPLAINT AND DEMAND FOR JURY TRIAL

WHEREFORE, plaintiff prays the judgment, order and decree of this court as follows:

### COUNT I

1. For an award of damages in the amount of plaintiff's unpaid overtime wages, in accordance with 29 USC §216(b), in an amount to be proven at trial;

2. For an award of damages in an additional equal amount as liquidated damages pursuant to 29 USC §216(b), or pre-judgment interest on the unpaid overtime wages;

3. For plaintiff's reasonable attorney fees and costs incurred herein pursuant to 29 USC §216(b); and

4. For such other and further relief as the court deems just and proper.

### COUNT II

1. For plaintiff's unpaid wages in an amount to be proven at trial;

2. For treble damages pursuant to Idaho Code §45-615(2), or the penalty set forth in Idaho Code §45-607, whichever is greater;

3. For plaintiff's attorney fees and costs incurred herein pursuant to Idaho Code §45-615(2); and

4. For such other and further relief as the court deems just and proper.

### COUNT III

1. For plaintiff's damages resulting from defendant's wrongful termination of plaintiff, in an amount to be proven at trial, plus pre-judgment interest thereon;

2. For plaintiff's attorney fees and costs incurred herein; and

3. For such other and further relief as the court deems just and proper.

5 -   COMPLAINT AND DEMAND FOR JURY TRIAL

DATED this 3d day of April, 2013.

                                  THOMSEN STEPHENS LAW OFFICES, PLLC

                                  By: _____
                                        James D. Holman, Esq.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury as to all issues triable to a jury in this matter.

DATED this 3d day of April, 2013.

                                  THOMSEN STEPHENS LAW OFFICES, PLLC

                                  By: _____
                                        James D. Holman, Esq.

JDH:clm
9629\001 Complaint